**Sam BLASSINGAME, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14352.**

United States Court of Appeals,
Ninth Circuit.

March 1, 1955.

Max Kosher, Paul M. Stocker, James Tynan, Everett, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Richard D. Harris, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MATHEWS and BONE, Circuit Judges, and HAMLIN, District Judge.

MATHEWS, Circuit Judge.

Appellant (Sam Blassingame) and Patricia Lewis [1] were indicted in the District Court, were arraigned, pleaded not guilty, had a jury trial and were found guilty. Thereupon a judgment was entered sentencing appellant to be imprisoned for four years. This appeal is from that judgment.

The question presented is whether the indictment charged an offense against the United States. It alleged:

"That on or about January 5, 1953, at or near Portland, Oregon, [appellant] and Patricia Lewis, alias Pat Lewis, did conspire and agree together, and with each other, to commit an offense against the United States, that is, to knowingly and unlawfully, and in violation of [18 U.S.C.A. § 2422],[2] cause the said Patricia Lewis, alias Pat Lewis, to go in interstate commerce from Portland, Oregon, to Seattle, Washington, with the intent and purpose on the part of [appellant] and Patricia Lewis that the said Patricia Lewis should engage in the practice of prostitution and that said defendants [3] did knowingly cause said Patricia Lewis to go and be carried as a passenger upon the line of a common carrier, to-wit,

---

1. Also known as Pat Lewis and as Mary Donna Songahid.

2. Section 2422 provides: "Whoever knowingly persuades, induces, entices, or coerces any woman or girl to go from one place to another in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery, or any other immoral practice, whether with or without her consent, and thereby knowingly causes such woman or girl to go and to be carried or transported as a passenger upon the line or route of any common carrier or carriers in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

3. Appellant and Patricia Lewis.

United Airlines, in the said interstate commerce.

"It was further a part of said conspiracy that [appellant] should accompany the said Patricia Lewis across the State line from Oregon to Washington, as a passenger upon the line of said common carrier, to Seattle, Washington, and in order to effect the object of the said conspiracy, [appellant] and Patricia Lewis did commit certain acts within the Northern Division of the Western District of Washington and within the jurisdiction of this court,[4] to-wit:

"Overt Acts

"1. That [appellant] and Patricia Lewis bought airplane tickets at Portland, Oregon, via United Airlines, to Seattle, Washington, on January 5, 1953.

"2. That [appellant] and Patricia Lewis boarded United Airlines airplane, Flight No. 675, at Portland, Oregon, to Seattle, Washington, on January 5, 1953, at approximately 3:45 p. m.

"3. That [appellant] and Patricia Lewis arrived at Seattle-Tacoma Airport, located in King County, in the Northern Division of the Western District of Washington, on January 5, 1953, at approximately 4:45 p. m., on board the United Airlines airplane, Flight No. 675.

"4. That [appellant] and Patricia Lewis, after arriving in King County as heretofore alleged in the preceding paragraph of this indictment, traveled by the same taxicab from said airport to an address near Jackson Street, Seattle, Washington, on January 5, 1953.

"5. That [appellant] on January 5, 1953, transported Patricia Lewis by private automobile from the address near Jackson Street, Seattle, Washington, to 3009½ E. Spruce, Seattle, Washington.

"All in violation of [18 U.S.C.A. §§ 371[5] and 2422]."

Thus the indictment attempted to charge a conspiracy to violate § 2422 and thereby attempted to charge a violation of § 371. However, the indictment did not allege that appellant and Patricia Lewis conspired to persuade, induce, entice or coerce any woman or girl to go from any place to any other place. It therefore failed to charge a conspiracy to violate § 2422.

Conceding this failure, the Government contends that the indictment charged a conspiracy to violate 18 U.S.C.A. § 2421[6] and thereby charged a violation of § 371. However, the indictment did not allege that appellant and Patricia Lewis conspired to transport any woman or girl, or that they conspired to procure

---

4. The District Court.

5. Section 371 provides: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both. * * *"

6. Section 2421 provides:
"Whoever knowingly transports in interstate or foreign commerce, or in the District of Columbia or in any Territory or Possession of the United States, any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice; or

"Whoever knowingly procures or obtains any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States, in going to any place for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent or purpose on the part of such person to induce, entice, or compel her to give herself up to the practice of prostitution, or to give herself up to dabauchery, or any other immoral practice, whereby any such woman or girl shall be transported in interstate or foreign commerce, or in the District of Columbia or any Territory or Possession of the United States—

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

or obtain any ticket or tickets, or any form of transportation or evidence of the right thereto, to be used by any woman or girl. It therefore failed to charge a conspiracy to violate § 2421.

It is not contended, nor is there any basis for contending, that the indictment charged any offense against the United States other than a violation of § 371, or that it charged any violation of § 371 other than a conspiracy to violate § 2421 or § 2422. We therefore hold that, having failed to charge a conspiracy to violate § 2421 or § 2422, the indictment failed to charge an offense against the United States.

Judgment reversed.